# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LUDMILLA PERMINT, et al.,    )
    )
       Plaintiffs,    )
    )
       v.    )    C.A. No. N17C-02-236 VLM
    )
KIA MOTORS AMERICA, INC,    )
et al.,    )
    )
       Defendants.    )
    )

## ORDER

Date Submitted and Decided: June 23, 2022
Written Decision Issued: July 1, 2022

*Upon Consideration of Plaintiffs' Motion for Costs, Pre-Judgment and Post-Judgment Interest,*

## GRANTED, *in part*, and DENIED, *in part.*

Timothy S. Martin, Esq. and Daniel P. Klusman, Esq. of White and Williams, Wilmington, DE, and James P. Feeney, Esq. (*pro hac vice*) of Dykema Gossett PLLC, Bloomfield, MI.  *Attorneys for Defendants*.

Jimmy Chong, Esq. of Chong Law Firm, P.A., Wilmington, DE, Michael V. Tinari, Esq. (*pro hac vice*) and Christopher P. Fleming, Esq. (*pro hac vice*) of Leonard, Sciolla, Leonard & Tinari, LLP, Philadelphia, PA.  *Attorneys for Plaintiffs*.

**MEDINILLA, J.**

**AND NOW TO WIT**, this 1st day of July 2022, upon consideration of Plaintiffs' Motion for Costs, Pre-Judgment and Post-Judgment Interest, Defendants' Response in Opposition, oral arguments, and the record in this case, **IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED,** *in part***, and DENIED,** *in part* for the following reasons:

1.      On March 18, 2022, following a two-week trial, the jury returned a verdict for Plaintiffs in the amount of $1,600,000.[1]  Plaintiffs filed this pending Motion for Costs, Pre-judgment and Post-judgment Interest on March 28, 2022. Defendants responded on April 25, 2022.  Oral arguments were held on June 23, 2022.  The matter is now ripe for consideration.

2.      Plaintiffs seek an award of taxable costs totaling $29,042.53[2] under Delaware Superior Court Rule 54(d),[3] and pre-judgment interest in the amount of $647,276.67 under 6 *Del. C.* § 2301(d).[4]  Plaintiffs concede the post-judgment interest calculation is $241.10 *per diem*.[5]

---

[1] Plaintiffs filed a Complaint on February 26, 2017, stemming from a fatal motor vehicle accident that resulted in the death of Charles Daniel Permint on March 7, 2015.  Plaintiffs Ludmilla Permint, Charles Daniel Permint, Julia Rose Johnson, and Imani Rose Johnson, (collectively "Plaintiffs") alleged products liability, negligence and wrongful death against Defendants Kia Motors Corporation, Kia Motors America, Inc., Selbyville Holly Kia, Felton Automotive Group LLC d/b/a Selbyville Holly Kia, and TM & JE, LLC (collectively "Defendants").
[2] *See* Plaintiffs' Motion for Costs, Pre-Judgment and Post-Judgment Interest, D.I. 452, at 3 [hereinafter Plaintiffs' Motion].
[3] *See* Del. Super. Ct. R. 54(d).
[4] *See* Plaintiffs' Motion, at 3–4.
[5] *See* Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Costs, Pre-Judgment and Post-judgment Interest, D.I. 470, at 4 [hereinafter Plaintiffs' Reply].

3. Defendants claim that the costs for the expert witness fees should be reduced because they are excessive and not adequately itemized under Delaware law,[6] that fees associated with the videographer and court reporter for one of Plaintiffs' expert's deposition should be stricken as duplicative,[7] and that the cost of trial presentation boards should be disregarded because trial exhibit costs are typically "borne by the party presenting the evidence."[8] Defendants also contend Plaintiffs should not be permitted to recover their mediation fee because such fees are discretionary, and the fee was already reduced by the mediator.[9] They also argue that the pre-judgment interest should be reduced because they were not responsible for the delays in getting to trial.[10]

4. "Post-judgment interest accrue[s] at the legal rate that was in effect on the date of judgment" per 6 *Del. C.* § 2301(a).[11] There is also no dispute that the post-judgment interest accrues at the rate 0.5%, totaling $241.10 *per diem*.[12] Therefore, Plaintiffs' post-judgment interest rate request is **GRANTED.**

---

[6] *See* Defendants' Opposition to Plaintiffs' Motion for Costs, Pre-Judgment and Post-Judgment Interest, D.I. 463, at 2 [hereinafter Defendants' Response].
[7] *See id.* at 4.
[8] *Id.* at 3 (quoting *Smith v. Paul J. Renzi Masonry*, 2016 WL 1591030, at *13 (Del. Super. Mar. 24, 2016)).
[9] *See id.*
[10] *See id.*
[11] *Noranda Aluminum Holding Corp. v. XL Ins. Am., Inc.* 269 A.3d 974, 979 (Del. 2021).
[12] *See* Defendants' Response, at 6; Plaintiffs' Reply, at 4.

3

5. Pre-judgment interest may be awarded in certain actions where "the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered."[13] There is no dispute that Plaintiffs extended a written settlement demand for $750,000 on October 3, 2019, which is less than the jury verdict.[14]

6. Under 6 *Del. C.* § 2301(d), if a plaintiff wins a "tort action for compensatory damages" they are entitled to prejudgment interest.[15] However, this right "is not unqualified" in Delaware and "[t]rial courts have a significant amount of discretion when awarding prejudgment interest."[16]

7. Defendants claim that prejudgment interest should not be awarded because of two events. First, an automatic stay in June 2017 that occurred when TK Holdings Inc., Takata Corporation, and Takata Korea Co., Ltd filed bankruptcy.[17] This action was not vacated from the bankruptcy docket until July of 2019.[18] And second, the COVID-19 pandemic that required the Chief Justice of the Delaware Supreme Court to declare a judicial emergency, which prevented jury trials from moving forward.[19] This order was not lifted until July of 2021.[20]

---

[13] 6 *Del. C.* § 2301(d).
[14] *See* Plaintiffs' Motion, at 3.
[15] *Bishop v. Progressive Direct Ins. Co.*, 2019 WL 2009331, at *4 (Del. Super. May 3, 2019).
[16] *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379328, at *4 (Del. Super. May 29, 2007).
[17] Defendant's Response, at 4.
[18] *Id.* at 5.
[19] *See id.*
[20] *See id.*

8. Though Delaware courts have found pre-judgment interest may be modified where the plaintiff is at fault for the delay,[21] there is nothing to suggest that Plaintiffs delayed the prosecution of its claims here.

9. The Delaware General Assembly enacted 6 *Del. C.* §2301(d) to encourage settlements.[22] Defendants provide no authority to suggest Plaintiffs delayed prosecution of their claims nor that the global pandemic impacts the Plaintiffs' entitlement to pre-judgment interest. Plaintiffs extended a written settlement demand for $750,000 in 2019. Neither the bankruptcy stay nor the pandemic impeded Defendants' opportunities to negotiate a settlement. They also do not explain why they failed to respond to Plaintiffs' settlement demand until 2021. Plaintiffs satisfied the requirements under 6 *Del. C.* § 2301 and are entitled to pre-judgment interest. Accordingly, pre-judgment interest is **GRANTED**.

10. Plaintiffs seek an award of taxable costs totaling $29,042.53.[23] Under Delaware Superior Court Civil Rule 54(d), the prevailing party is entitled to costs, unless the Court directs otherwise.[24] Costs are awarded as a matter of judicial discretion.[25] Under 10 *Del. C.* § 8906, fees for experts testifying on deposition "shall

---

[21] *See, e.g.*, *Lamourine*, 2007 WL 3379328, at *4.

[22] *Bishop*, 2019 WL 2009331, at *4 (citing *Bullock v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1980806, at *7 (Del. Super. May 18, 2012)).

[23] *See* Plaintiffs' Motion, at 2–3.

[24] *Martin v. Nixon*, 2022 WL 1123389, at *2 (Del. Super. Apr. 13, 2022) (citing Del. Super. Ct. Civ. R. 54(d)).

[25] *Burton v. Kyle*, 2016 WL 1421272, at *2 (Del. Super. Mar. 24, 2016) (citing *Donovan v. Del. Water & Air Res. Comm'n*, 358 A.2d 717, 722 (Del. 1976)).

be taxed as costs . . . only where the deposition is introduced into evidence"[26] and fees for testifying experts "shall be fixed by the Court in its discretion."[27] "Plaintiffs bear the burden of substantiating their request for costs."[28]

11.  Defendants contest the costs Plaintiffs submitted for expert witnesses Dr. Neal Skop, Andrew Verzilli, John Yannaccone, Dr. Adrienne Sekula-Perlman, Cindy Cunningham, Sonya Mocarski, and Scott Batterman.

12.  Recoverable expert fees are limited to "the time necessarily spent in actual attendance upon the Court for the purpose of testifying [which] includes the time required to travel to and from the courthouse, time spent in the courthouse while waiting to testify and testifying."[29]  The Courts do not use a fixed formula for determining expert fees[30] and routinely refer to ranges identified in a 1995 study performed by the Medical Society of Delaware's Medico – Legal Affairs Committee ("Medico"), adjusted for inflation, when determining medical expert fees.[31]

13.  In 2016, the Medico guidelines provided a half-day court appearance ranged from $2400 to $4000.[32]  Dr. Skop's fee comports with this range, even without adjusting for inflation.  His $2,000 fee for four hours is not unreasonable.

---

[26] *See Smith*, 2016 WL 1591030, at *1 (citing Del. Super. Ct. Civ. R. 54(h)).
[27] 10 *Del. C.* § 8906.
[28] *Smith*, 2016 WL 1591030, at *1.
[29] *Id.* at *2.
[30] *See id.* (citing *Foley v. Elkton Plaza Assoc., LLC*, 2007 WL 959521, at *2 (Del. Super. Mar. 30, 2007)).
[31] *Id.*
[32] *See* Exhibit A to Plaintiffs' Reply.

6

Similarly, Dr. Perlman's fee of $3,000 is reasonable considering her qualifications and experience in her nearly two-hour deposition.

14. Mr. Yannaccone's fee is $1,100 for five hours, charging $220.00 per hour. Considering Mr. Yannaccone's qualifications as a licensed engineer for many years, this fee is reasonable.[33]

15. Mr. Verzilli charged a $2,000 fee.[34] In 2016, this Court found $450 per hour to be a reasonable rate for this very same expert.[35] The Court accepts the fee to be reasonable to include his time testifying, waiting to testify, and his commute from Philadelphia.[36]

16. The same applies for Mr. Batterman's fee of $5,000. He waited to testify, testified for approximately 2.5 hours,[37] prepared accordingly, and also commuted from Philadelphia.

17. Ms. Mocarski provided an itemized list of her costs, totaling $1308.93 for testimony, travel, and tolls/parking.[38] Ms. Mocarski testified for about 30 minutes. She also had to travel from Philadelphia and spent time waiting in court to testify. This amount is reasonable.

---

[33] See Smith, 2016 WL 1591030, at *3 (awarding $250 per hour for travel and $450 per hour for testifying for a vocational rehabilitation expert).
[34] See Exhibit D to Plaintiffs' Motion.
[35] See Smith, 2016 WL 1591030, at *4.
[36] Id. at *3.
[37] See Exhibit C to Plaintiffs' Motion (trial retainer).
[38] See Exhibit F to Plaintiffs' Motion.

18.     Nurse Cunningham is a PMHCNS/NP and charged a fee of $3,250.00,[39] at $325 per hour.[40]  The rate is not unreasonable.  Although she billed for nine hours "of testimony," it was clear that her time included review of medical records, preparing for her testimony, travel time, etc.

19.     Plaintiffs also submit a cost of $200 for the videographer and $370.50 for the court reporter/trial transcript for Dr. Perlman's trial deposition.[41]  Defendants assert such costs should be stricken as duplicative.[42]

20.     Generally, a plaintiff may only recover costs of transcribing a deposition that was introduced at trial where the expert did not testify at trial by videotape.[43]  Dr. Perlman's taped deposition was introduced into evidence at trial and is therefore a taxable cost per Delaware Superior Court Civil Rule.[44]  But here, Defendants objected to the introduction of Dr. Perlman's testimony in two separate motions prior to trial and defense counsel lodged 46 objections and multiple interruptions in less than two hours of testimony during the taping of her video trial deposition.  This required the Court's intervention, and the transcript was ordered for the Court's review.  The Court grants Plaintiffs' award for the costs associated

---

[39] *See* Exhibit E to Plaintiffs' Motion.
[40] *See id.*
[41] *See* Plaintiffs' Motion, at 3.
[42] *See* Defendants' Response, at 4.
[43] *Smith*, 2016 WL 1591030, at *5.
[44] *See* Del. Super. Ct. R. 54(d).

with the videographer and court reporter/trial transcript for Dr. Perlman as they are not duplicative costs in the present matter.

21. In Plaintiffs' Reply, they assert for the first time a fee for the trial deposition transcript of Hyunwoo Lee as a supplement.[45] Even if it had been presented in the original motion, the Court would have denied it as duplicative. Mr. Lee's taped deposition was introduced into evidence and there are no special circumstances which would allow this Court to permit costs for the transcript.

22. Plaintiffs request a mediation fee of $1,050.[46] Mediation fees are discretionary.[47] As Defendants have already paid half of the mediation fee,[48] the Court will not award a mediation fee here.

23. Plaintiffs request a fee of $4,989 for trial presentation boards.[49] The cost of an exhibit is traditionally "borne by the party presenting it."[50] At the hearing, Plaintiffs' counsel represents that defense counsel utilized Plaintiffs' trial presentation boards on multiple occasions during cross examination of Plaintiffs' witnesses. Defense counsel does not dispute that the boards were used by both sides. Therefore, the Court awards half of the cost to Plaintiffs or $2,494.50.

---

[45] Plaintiffs' Reply, at 3.
[46] *See* Plaintiffs' Motion, at 2.
[47] *Martin*, 2022 WL 1123389, at *2 (citing *Cooke v. Murphy*, 2013 WL 6916941, at *6 (Del. Super. Nov. 26, 2013)).
[48] *See* Plaintiffs' Motion, at 2 (noting full mediation fee was $2,100 as the parties split the cost).
[49] *See id.* at 3.
[50] *Rosenberg v. Crichton*, 2011 WL 5316771, at *2 (Del. Super. Sept. 23, 2011) (citing *Foley*, 2007 WL 959521, at *3).

**WHEREFORE**, Plaintiffs are entitled to the costs, pre-judgment interest, and post-judgment interest as specified above. Therefore, Plaintiffs' Motion for Costs, Pre-judgment and Post-judgment Interest is **GRANTED**, *in part* and **DENIED**, *in part*.

**IT IS SO ORDERED**.

<u>/s/ Vivian L. Medinilla</u>
Vivian L. Medinilla
Judge

cc:    Prothonotary